**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Tucker,<br><br>    Plaintiff,<br><br>vs.<br><br>The City of Tempe,<br><br>    Defendant. | No. CV03-1425-PHX-DGC<br><br>**ORDER** |

Plaintiff Craig Tucker has filed a Motion for Reinstatement. Doc. #44. The motion asks the Court to order that Plaintiff be reinstated as a police officer or be given a comparable position by Defendant City of Tempe. Defendant has filed an opposition to the motion (Doc. #57) and Plaintiff has filed a reply (Doc. #61). For the reasons set forth below, the Court will deny the motion.[1]

Plaintiff did not preserve the equitable remedy of reinstatement for trial. The parties' Proposed Final Pretrial Order, adopted by the Court as a Final Pretrial Order (Doc. #21), listed the issues of fact and law to be resolved at trial. The only remedies listed by Plaintiff were nominal damages, compensatory damages, and reasonable costs and attorneys' fees.

---

[1] The Court also will deny Plaintiff's request for oral argument because the Court is thoroughly familiar with this case, having presided over a multi-day trial, and the parties have submitted memoranda discussing the relevant law and evidence. Oral argument will not aid the Court in reaching a decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

*See* Final Pretrial Order (Doc. #21) ¶ (E)(a)(19), (20), and (21). Because Plaintiff did not identify reinstatement as a remedy to be sought at trial, the remedy was never discussed by the parties at any of the pretrial conferences and the Court was not informed that it would need to consider the evidence presented at trial in the context of an equitable reinstatement claim. Had the Court been informed that Plaintiff was seeking reinstatement it would have sought an advisory jury verdict on this issue.

Plaintiff asserts that he sought equitable reinstatement in the Complaint, but parties must preserve their claims in the Final Pretrial Order. When the Court adopted the Final Pretrial Order it expressly stated that the Order – not the complaint – "shall govern the presentation of evidence and other trial issues." Doc. #22, ¶ 4.

Even if Plaintiff had preserved the remedy, the Court would not award it now. Plaintiff asked the jury to award damages that would make him whole. Specifically, Plaintiff's counsel asked the jury to award Plaintiff the future earnings he lost as a result of being terminated by Defendant. Plaintiff's counsel suggested that these damages exceeded $1,000,000. The jury then responded to this question: "Has Plaintiff proven by a preponderance of the evidence that he should be awarded damages to compensate for a net loss of wages and benefits and other damages as defined in the Court's instruction?" Doc. #55. The jury answered "yes" and awarded $85,000. *Id*. Thus, the jury concluded that $85,000 constituted the full amount of damages incurred by Plaintiff as a result of Defendant's actions, including damages for lost future wages. Given Plaintiff's request for lost future earnings and the jury's conclusion that $85,000 would make Defendant whole, the Court concludes that Defendant should not receive the additional equitable remedy of reinstatement.

In support of his request for reinstatement, Plaintiff cites *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1068 (9th Cir. 2005). *Lutz* merely holds, however, that reinstatement is an equitable remedy to be considered by the Court under Title VII and the ADA. It says nothing about Plaintiff's having failed to preserve the remedy in the Final

Pretrial Order, nor does it address the fact that the jury awarded Plaintiff damages for lost wages.

Defendant seeks attorneys' fees for having to respond to Plaintiff's motion. The Court does not conclude that Plaintiff's motion was vexatious or frivolous, and therefore will deny the fee request.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reinstatement (Doc. #44) is **denied**.

DATED this 25th day of January, 2006.

_____
David G. Campbell
United States District Judge