**WO**

NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Craig Tucker,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>The City of Tempe,<br><br>　　　　　Defendant. | No. CV03-1425-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a Motion for Attorneys' Fees. Doc. #66. Defendant opposes the motion and Plaintiff has filed a reply. Docs. ##70, 72.

The Court will grant Plaintiff's motion and award fees in the amount of $51,232.50. The Court concludes that Plaintiff is the prevailing party within the meaning of 42 U.S.C. § 12205. Moreover, the Court concludes, in its discretion, that an award of fees is appropriate in this case. The Court finds the amount of Plaintiff's fee request to be reasonable.

Defendant argues that the Court has discretion to deny Plaintiff's fee request. Although true, courts have made clear that attorneys' fees ordinarily should be awarded to prevailing plaintiffs in civil rights cases. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Herrington v. County of Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989). Congress has authorized the award of fees in order to minimize the burden of redressing civil rights. Although Plaintiff was not successful on his retaliation and due process claims, he did obtain redress through the jury's award of $85,000 in damages for his ADA claim.

1 Plaintiff identifies 12 factors that support an award of fees in this case. Although 2 Defendant takes issue with each of these factors, the Court does not find Defendant's 3 arguments to be persuasive. Defendant appears to criticize Plaintiff's counsel for failing to 4 invest sufficient time in this case, but counsel invested sufficient time to prevail at trial. 5 Defendant argues that some of the time recorded by Plaintiff's counsel was devoted to other 6 matters, but Defendant presents no support for this allegation and the Court can find none in 7 the time sheets submitted by Plaintiff's counsel. Defendant notes that Plaintiff failed to 8 prevail on his retaliation and due process claims, but makes no attempt to show that fees 9 incurred on these claims were separate or divisible from fees incurred on the ADA claim, and 10 the Court's review of counsel's time sheets suggests that they were not divisible. Defendant 11 argues that Plaintiff's fee recovery should be reduced because his counsel sought a seven 12 figure damages recovery and obtained only $85,000, but Defendant cites no authority for the 13 proposition that a prevailing party's otherwise reasonable fee request should be reduced 14 because the jury did not award everything requested. The Court finds Defendant's other 15 arguments equally unavailing.

16 The Court finds the hourly amount claimed by Plaintiff's counsel – $275 – to be 17 reasonable given the skill of Plaintiff's counsel and the complexity of trying an ADA case. 18 The Court also concludes that the total amount of fees sought by Plaintiff – $51,232.50 – is 19 supported by the time sheets submitted in support of Plaintiff's application and is reasonable 20 for a case resolved after a five-day jury trial.

21 **IT IS ORDERED** that Plaintiff's Motion for an Award of Attorney Fees (Doc. #66) 22 is **granted**. Plaintiff is awarded $51,232.50 in attorneys' fees.

23 DATED this 12th day of July, 2006.

_David G. Campbell_
David G. Campbell
United States District Judge